IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

BARRY MICHAEL PRATT, JR.                                                                                    PLAINTIFF

v.                                      Civil No.      1:23-cv-01037

CIRCUIT CLERK CHERRY GOVAN
                                                                                                            DEFENDANT

**REPORT AND RECOMMENDATION**

Plaintiff, Barry Michael Pratt, Jr., an inmate of the Union County Jail at the time he filed his complaint, filed this action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915A(a). Pursuant to § 1915A(a), the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

**I.      BACKGROUND**

Plaintiff originally filed his Complaint on May 5, 2023. (ECF No. 1). On the same day, Plaintiff submitted an Application to Proceed *in forma pauperis* ("IFP Motion") which the Court granted. (ECF Nos. 2-3). Plaintiff notified the Court of his release from the Union County Jail on May 22, 2023. (ECF No. 6).

1

In his Complaint, Plaintiff makes two claim against Defendant Cherry Govan, Circuit Clerk of Union County, for denying him access to the courts. Specifically, Plaintiff claims (1) Defendant Govan is liable pursuant to Arkansas Code Annotated 16-88-214; and (2) Defendant violated his rights under the constitution and laws of the United States.

Plaintiff asserts he sent three mailings to the Union County Circuit Clerk's office from April 3, 2023 to April 20, 2023 to dismiss or reduce his bond. Plaintiff's motions were not filed by Defendant Govan. However, Plaintiff states his bond was reduced on April 20, 2023 verbally while he was in court. (ECF No. 1, pp. 3-4). Plaintiff asserts this claim against Defendant Govan in her individual and official capacity. In support of his official capacity claim Plaintiff states: "Union County just does whatever they want to do."

For relief, Plaintiff requests (1) a declaration that the acts and omissions of Defendant Govan violated Plaintiff's constitutional rights; (2) an injunction ordering Defendant Govan to file any motions sent to her by Plaintiff; and (3) costs, and punitive damages in the amount of $500.00.

## II.  APPLICABLE STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987). A claim fails to state a claim upon which

relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.   DISCUSSION

Plaintiff's claims shall be dismissed for failure to state a claim if it appears beyond a doubt the Plaintiff's complaint can prove no set of facts to support the plaintiff's purported cause of action. *See Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 740 (8th Cir. 2001). The facts set forth in Plaintiff's Complaint, do not support any plausible cause of action for relief under 42 U.S.C. § 1983.

Plaintiff claims Defendant Govan violated his constitutional rights by denying him access to the courts. To prove a violation of the right of meaningful access to the courts, a prisoner must establish the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim." *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008) (citing *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007)). Here, Plaintiff admits he has no injury as the reduction of his bond, the action he sought through his court filings, was granted on April 20, 2023. Furthermore, Plaintiff has now been released from custody. Plaintiff cannot state any injury related to Defendant Govan's failure to file his motions to reduce bond.

3

Secondly, even if Plaintiff were able to establish a constitutional violation, Defendant Govan, as Circuit Court Clerk, is immune from suit under the facts alleged. "Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process unless the clerks acted in the clear absence of all jurisdiction." *Boyer v. County of Washington*, 971 F.2d 100, 101 (8th Cir. 1992) (internal quotations marks and citation omitted). The filing of court filings is clearly an integral part of the judicial process. *See Smith v. Erickson,* 884 F.2d 1108, 1111 (8th Cir. 1989) (explaining that federal court clerk, who allegedly impeded inmate's access to the courts by intentionally delaying the filing of his original complaint and by lying to him about its whereabouts, was entitled to judicial immunity because "the filing of complaints and other documents is an integral part of the judicial process"); *see also Davis v. McAteer,* 431 F.2d 81, 82 (8th Cir. 1970) (holding state court clerk who allegedly lost court file entitled to absolute immunity).

Accordingly, Plaintiff has failed to state a cognizable Section 1983 constitutional violation claim against Defendant Govan for denying him access to the courts. As the Court recommends dismissal of Plaintiff's federal claim it will not exercise supplemental jurisdiction over Plaintiff's pendant state court claim pursuant to Arkansas Code Annotated 16-88-214. *See Franklin v. Zain*, 152 F.3d 783, 786 (8th Cir. 1998) (explaining a federal court may decline to exercise supplemental jurisdiction over a pendent state claim if it has dismissed all claims over which it had original jurisdiction under 28 U.S.C. § 1367(c)(3).).

## IV. CONCLUSION

For these reasons, it is recommended that:

(1) the case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted;

4

(2) Plaintiff be warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus, the Clerk be directed to place a § 1915(g) strike flag on the case for future judicial consideration; and

(3) the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.   The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 9th day of June 2023.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE